## SETTLEMENT, WITHDRAWAL, RELEASE, AND WAIVER AGREEMENT

1. This Settlement, Withdrawal, Release, and Waiver Agreement (hereinafter "Agreement") is entered into between plaintiff SEGUNDO PENAFIEL ("Penafiel"), on his own behalf and on behalf of his heirs, executors, administrators, attorneys, successors, assigns, agents and representatives, in their capacities as such (hereinafter collectively referred to as "Plaintiff") and defendants 4LIFE REALTY LLC and DAVID MARASOW, along with their successors, assigns, related entities, officers, directors, employees, insurers, attorneys, assigns, agents and representatives, in their capacities (hereinafter collectively referred to as "Defendants"), in settlement of any and all disputes between Plaintiff and Defendants.

2. It is expressly understood that this Agreement has been entered into by the parties solely for the purpose of avoiding further expense in connection with litigating the alleged claims, including any claims for attorneys' fees, expenses, and costs. Further, this Agreement and the settlement it represents does not constitute an admission by Defendants of any violation of any federal, state or local law; of the breach of any duty whatsoever, whether based upon statute, common law, contract, or otherwise; or that Plaintiff has suffered any damages; nor is it an admission by Plaintiff that his claims lack merit.

3. In full, final and complete settlement of the claims asserted by Plaintiff against Defendants, including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest, and any and all other claims and potential claims asserted by Plaintiff, including attorneys' fees and costs, Defendants hereby agree to pay the sum of Thirty Thousand Dollars ($30,000.00), to be paid over 6 monthly payments as follows:

    (a) A check in the amount of Ten Thousand Dollars ($10,000) made payable to "Cilenti

& Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within thirty (30) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than thirty (30) days following Court approval of the Agreement. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

(b) A check in the amount of Four Thousand Dollars ($4,000) made payable to "Cilenti & Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within sixty (60) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than sixty (60) days following Court approval of the Agreement. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

(c) A check in the amount of Four Thousand Dollars ($4,000) made payable to "Cilenti & Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within ninety (90) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than ninety (90) days following Court approval of the Agreement. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

(d) A check in the amount of Four Thousand Dollars ($4,000) made payable to "Cilenti & Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within one-hundred and twenty (120) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than one-hundred and twenty (120) days following Court approval of the Agreement. Determination of

Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

(e) A check in the amount of Four Thousand Dollars ($4,000) made payable to "Cilenti & Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within one-hundred and fifty (150) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than one-hundred and fifty (150) days following Court approval of the Agreement. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

(f) A check in the amount of Four Thousand Dollars ($4,000) made payable to "Cilenti & Cooper, PLLC, as attorneys for Plaintiff," for immediate deposit within one-hundred and eighty (180) days of Court approval of the Agreement and receipt by Defendants' counsel of a duly executed IRS W-9 from Plaintiff's counsel, delivered to Plaintiff's counsel no later than one-hundred and eighty (180) days following Court approval of the Agreement. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of Plaintiff and his counsel.

Defendants will make the payments described herein (collectively the "Settlement Funds") by sending the checks via USPS, UPS, or Fedex with a tracking number to Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017.

4. Plaintiff shall be solely responsible for the payment of all taxes owed by him, if any, on account of the payments required by Section 3, above.

5. Plaintiff knowingly, voluntarily, and with prejudice, releases and forever discharges Defendants, their current and former successors, assigns, related entities, officers, directors, employees, insurers, attorneys, assigns, agents and representatives, in their capacities as such, including but not limited to DAVID MARASOW, from any and all wage and hour and

recordkeeping claims that could have been brought in this action, through the date of the execution of this Agreement, including actions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Article 6 of the New York Labor Law ("NYLL"), NYLL §§ 191 *et seq.*, Article 19 of the New York Labor Law, §§ 650, *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR").

6. In connection with this Agreement, Plaintiff specifically agrees to discontinue and dismiss with prejudice the action brought in the U.S. District Court of the Eastern District of New York entitled SEGUNDO PENAFIEL v. 4LIFE REALTY LLC, and DAVID MARASOW, and assigned docket number 18-cv-3374 (DLI) (JO) (the "Federal Court Action"). Counsel for the parties herein shall execute a separate Stipulation of Dismissal, with prejudice, for the Federal Court Action upon the signing of this agreement, which shall then be filed with the Court.

7. Plaintiff agrees never to sue or file a charge, complaint, grievance or a demand for arbitration in any forum, or to assist or participate willingly or voluntarily in any claim, arbitration, suit, action, investigation, or other proceeding of any kind, which relates to any matter or claim that they have released in this Agreement, except pursuant to a valid subpoena or court order commanding attendance or testimony or as otherwise required by applicable law. Further, to the extent that any such proceeding has been or may be brought, Plaintiff expressly waives his right to any form of monetary damages or other damages, or any form of recovery or relief in connection with such proceeding or in connection with any proceeding brought by a third party.

8. The parties agree to mutual general releases between the named parties and their current and former successors, assigns, related entities, officers, directors, employees, insurers, attorneys, assigns, agents and representatives, in their capacities as such, from any wage and hour

4

violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws, including the FLSA, the NYLL and the NYCRR.

9. The terms of this Agreement, including all facts, circumstances, statements and documents relating hereto, shall not be admissible or submitted as evidence in any litigation in any forum for any purpose other than to secure enforcement of the terms and conditions of this Agreement, in the course of any investigation referred to Section 7 of this Agreement, pursuant to a valid subpoena or court order commanding attendance or testimony, or as otherwise consistent with the applicable law.

10. By signing this Agreement, the Plaintiff acknowledges and agrees that the Agreement is written in a manner calculated to be understood by him; he has been advised by Defendants in writing to consult with counsel prior to signing the Agreement; he was fully and fairly represented by counsel in connection with the review, negotiation and signing of this Agreement; he has carefully read and understands the terms of this Agreement, all of which have been fully explained to him; he has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; the only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to him by any person or entity whatsoever to cause him to sign this Agreement; he waives rights or claims only in exchange for consideration in addition to anything

5

of value to which he already is entitled; he does not waive rights or claims that may arise after the date this Agreement is executed; and he may rescind this Agreement at any time during the period of seven (7) calendar days following the date of his execution of this Agreement by delivering such written revocation to SOKOLOFF STERN LLP, attorneys for Defendants, 179 Westbury Avenue, Carle Place, New York 11514. If such seven (7) day revocation period expires without Plaintiffs revoking their rights, the obligations of this Agreement will then become fully effective.

11. If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon all parties. The failure of any party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of the Agreement.

12. The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction for any disputes regarding the settlement payments. If any settlement check is not received by Plaintiff's counsel within seven days of the dates identified in Paragraph 3, Plaintiff, through counsel, will contact Defendants' counsel via email at akleinberg@sokoloffstern.com and overnight mail to Adam Kleinberg, Sokoloff Stern LLP, 179 Westbury Avenue, Carle Place, NY 11514 to provide Defendants with a 7 day period to cure any such deficiency. Plaintiff may recover reasonable attorneys' fees incurred for collection efforts taken upon Defendants' failure to cure within the 7 day period.

13. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

14. This Agreement sets forth the entire agreement between the parties, and supersedes any and all prior oral and/or written agreements between them. This Agreement may not be altered, amended or modified except by a further writing signed by all the parties to this Agreement.

15. This Agreement may be executed in counterparts. Facsimile or electronically transmitted signatures hereon shall be deemed the equivalent of originals.

16. By signing this Agreement, the parties indicated hereunder agree to and accept the provisions contained herein.

**SEGUNDO PENAFIEL**

_____

STATE OF NEW YORK
COUNTY OF ___New York___

On ___Nov. 28___, 2018 before me personally came SEGUNDO PENAFIEL to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 2022

**4LIFE REALTY LLC**

_____
BY:   DAVID MARASOW

STATE OF NEW YORK
COUNTY OF ___Kings___

On ___11/19___, 2018 before me personally came DAVID MARASOW to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

7

_____
NOTARY PUBLIC

**DAVID MARASOW**
_____

STATE OF NEW YORK
COUNTY OF ____Kings_____

On ____11/19_____, 2018 before me personally came DAVID MARASOW to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC